VAL SIEGEL, ISB #3749
***SHOSHONE COUNTY PROSECUTOR'S OFFICE***
COUNTY COURTHOUSE, SUITE 200
700 BANK STREET                P.O. BOX 244
WALLACE, IDAHO  83873          KINGSTON, IDAHO  83839
TELEPHONE: 208-752-1106
TELECOPY:   208-753-8351
EMAIL:        vsiegel@co.shoshone.id.us

the lawyer for County of Shoshone of the State of Idaho, *Plaintiff*.

W. ALAN SCHROEDER, ISB #4118
***SCHROEDER & LEZAMIZ LAW OFFICES, LLP***
447 WEST MYRTLE STREET
P.O. BOX 267
BOISE, IDAHO  83701-0267
TELEPHONE: 208-384-1627, EXT. #2
TELECOPY:   208-384-1833
EMAIL:        alan@schroederlezamiz.com

the lawyer for George E. Stephenson, New Jersey Mining Company, *Plaintiffs*.

## UNITED STATES DISTRICT COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| COUNTY OF SHOSHONE OF THE STATE OF IDAHO; GEORGE E. STEPHENSON; NEW JERSEY MINING COMPANY,<br><br>                    Plaintiffs,<br>    v.<br><br>UNITED STATES OF AMERICA; SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE; CHIEF OF THE UNITED STATES FOREST SERVICE; REGIONAL FORESTER OF THE NORTHERN REGION OF THE UNITED STATES FOREST SERVICE; FOREST SUPERVISOR FOR THE IDAHO PANHANDLE NATIONAL FORESTS OF THE UNITED STATES FOREST SERVICE; DISTRICT RANGER FOR THE COEUR D'ALENE RIVER RANGER DISTRICT OF THE UNITED STATES FOREST SERVICE,<br><br>                    Defendants.<br>_____ | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND QUIET TITLE** |

**COMPLAINT**                                                                                     1

*COUNTY OF SHOSHONE OF THE STATE OF IDAHO, GEORGE E. STEPHENSON,*
and *NEW JERSEY MINING COMPANY* (cumulatively referred to as "Plaintiffs") allege:

## PRELIMINARY STATEMENT

**1.**    County of Shoshone of the State of Idaho ("Shoshone County") and its citizens, George
E. Stephenson ("Stephenson"), and New Jersey Mining Company ("NJMC") rely upon a right-
of-way commonly known as the "East Fork of the Eagle Creek Road" (hereinafter referred to as
the "Eagle Creek Road"). The Eagle Creek Road provides the necessary use and access by the
employees, contractors, agents, and citizens of Shoshone County for a variety of lawful
purposes, including essential County emergency purposes, provides the necessary use and access
to Stephenson's private land, and provides the necessary use and access to NJMC's mining
claims.

**2.**    The Eagle Creek Road crosses land owned by the United States of America ("USA") and
administered by the other named Defendants, as illustrated on Exhibit "A", which is attached
hereto and incorporated herein in this Complaint. See also Exhibit "B" (which illustrates the
Eagle Creek Road on an aerial photograph); Exhibit "C" (which more specifically illustrates the
Eagle Creek Road on USDI-BLM Master Title Plats and on aerial photographs).

**3.**    After notice of hearing and after a hearing on-the-record, on September 15, 2009,
Shoshone County validated the Eagle Creek Road as a "public right-of-way" in accordance with
the laws of the State of Idaho and under the laws of the United States of America. See Idaho
Code §§ 40-203A, 40-204A. See also Act of July 26, 1866, ch. 262, § 8, 14 Stat. 251, 253,
codified at 43 U.S.C. § 932, repealed by *Federal Land Policy Management Act* of 1976
("FLPMA"), Pub.L. No. 94-579 § 706(a), 90 Stat. 2743 (hereinafter referred to as "R.S. 2477").

**4.**    Defendants, through at least the District Ranger for the Coeur d'Alene River Ranger
District, were on notice of Shoshone County's validation process, participated in such validation
process, did not object to the validation process, and did not offer any evidence at the validation

**COMPLAINT**                                                                            **2**

hearing (which occurred on August 12, 2009) against the validation of the Eagle Creek Road as a "public right-of-way" in accordance with the laws of the State of Idaho and under the laws of the United States of America.

**5.**     Defendants have not sought *judicial review* of the determination made by Shoshone County that the Eagle Creek Road is a "public right-of-way" in accordance with the laws of the State of Idaho and under the laws of the United States of America. See Idaho Code §§ 40-203A(4), 40-408.

**6.**     Notwithstanding that Shoshone County validated the Eagle Creek Road as a "public right-of-way", and notwithstanding that the Defendants have not sought *judicial review* of the validation of the Eagle Creek Road as a "public right-of-way", it is apparent that the status of the Eagle Creek Road as a "public right-of-way" (aka "public road") needs to be confirmed by a Federal Court. See *The Wilderness Society v. Kane County, Utah*, 2009 WL 2777712 at *14-15 (10th Cir. 2009).

**7.**     Plaintiffs bring this action to confirm the status of the Eagle Creek Road as a "public right-of-way" and/or "federal land right-of-way" in accordance with the laws of the State of Idaho and under the laws of the United States of America. See Idaho Code § 40-117(6) (definition of "public right-of-way"); Idaho Code § 40-107(5) (definition of "federal land rights of way"). Specifically, Plaintiffs bring this action to adjudicate/declare under the *Quiet Title Act*, 28 U.S.C. § 2409a, and under the *Declaratory Judgment Act*, 28 U.S.C. § 2201, that the Eagle Creek Road is a "public right-of-way" and/or "federal land right-of-way" as it crosses the lands owned by the USA in accordance with R.S. 2477. In addition, Plaintiffs bring this action to adjudicate/declare that the Plaintiffs have the right and interest to maintain the Eagle Creek Road as it crosses the lands owned by the USA consistent with Idaho law and within the scope prescribed by Idaho Code § 40-2312 (i.e., "not less than fifty (50) feet" wide), or, alternatively, within such other scope as determined reasonable for the use and maintenance of the Eagle Creek Road. See *Meservey v. Gulliford*, 14 Idaho 133, 93 P. 780 (1908) (wherein the Idaho

**COMPLAINT**                                                                                           **3**

Supreme Court states that the width of a highway established by prescription or public use had to be determined from a consideration of circumstances peculiar to each case, and was presumed to be 50 feet, unless facts clearly indicated that the owner limited width of the road prior to the time it became a highway).

## JURISDICTION AND VENUE

8.      The basis of federal jurisdiction is: (a) 28 U.S.C. § 2409a (Quiet Title); (b) 28 U.S.C. § 1331 (Federal Question); and, (c) 28 U.S.C. §§ 2201-2201 (Declaratory Judgment).

9.      The basis of venue is: (a) 28 U.S.C. § 1391(b)(2) (A civil action. Where the claim arose); (b) 28 U.S.C. § 1391(e)(2) (A civil action involving an officer or employee of the United States.  Where the cause of action arose); (c) 28 U.S.C. § 1391(e)(2) (A civil action involving an officer or employee of the United States. Where any real property involved in the action is situated); and, (d) Dist. Idaho Loc. Civ. R. 3.1 (A civil action arising within Shoshone County is to be within the U.S. District Court, District of Idaho, Northern Division, in Coeur d'Alene, Idaho).

## PARTY INFORMATION

10.      Plaintiff COUNTY OF SHOSHONE OF THE STATE OF IDAHO is a duly established county within the State of Idaho. Idaho Code §§ 31-101, 31-142. Shoshone County is a public entity managed by a board of county commissioners. Idaho Code §§ 31-701, et seq. Shoshone County, by and through its Board of County Commissioners, have the jurisdiction and power over the county as prescribed by law. Idaho Code § 31-801. This jurisdiction and power is inclusive of a range of local governmental services and activities for and over its citizens, residents and property-owners, including but not limited to, road construction, road maintenance, law enforcement, emergency medical services; all of which depend on access to, on, and along roads, including the Eagle Creek Road. Idaho Code §§ 31-801,et seq. See also Idaho Code §§ 31-805, 40-604.

**COMPLAINT**                                                                                                          **4**

11.     Plaintiff GEORGE E. STEPHENSON is an owner of private land within Shoshone County. Specifically, Stephenson owns private land upon and adjacent to the Eagle Creek Road that is described as: Mineral Survey 1014 within Township 50 North, Range 5 East, of the Boise Meridian, Idaho, within Sections 11 and 12; Mineral Survey 2310 within Township 50 North, Range 5 East, of the Boise Meridian, Idaho, within Section 13; Mineral Surveys 711, 708, 730, 712, 3188 within Township 50 North, Range 6 East, of the Boise Meridian, Idaho, within Section 19. See Exhibit "C" at pages 5, 10, 11, 12, 13 (which describe and illustrate this private land). The use of and access to this private land depend upon Eagle Creek Road, including the periodic maintenance of the Eagle Creek Road. See Idaho Code § 40-204A(5) (wherein "Any member of the public … may choose to seek validation of its rights under law to use granted rights-of-way either through a process set forth by the state of Idaho, through processes set forth by any federal agency or by proclamation of user rights granted under the provisions of the original act, Revised Statute 2477"). See also Idaho Code § 40-204A(4) (which states that "rights-of-way … may be maintained by the public through usage by the public"); Idaho Code § 40-2324 (which provides a means for "any nongovernmental entity" to petition a highway agency to receive compensation for maintenance of "all or part of a …public right-of-way").

12.     Plaintiff NEW JERSEY MINING COMPANY is the owner of mining claims within Shoshone County. Specifically, NJMC owns many mining claims near or adjacent to the Eagle Creek Road, including but not limited to the following mining claims: Niagara 1, 2, 3, 4, 5, 6, 7, 8, 9; GR #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #11, #12, #13, #14, #15, #16, #17, #18, #19, #25,#26, #27, #28, #29, #30, #31, #32; MR #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #11, #12, #13, #14, #15, #16, #17, #18, #19, #20, #21, #22, #23, #24, #25, #26, #27, #28, #29, #30, #31, #32, #33, #34, #35, #36; JB #5, #6, #7, #8, #9, #17, #18, #19, #20, #21, #22, #23, #24, #25, #26, #27, #28, #30. The use of and access to these mining claims depend upon Eagle Creek Road, including the periodic maintenance of the Eagle Creek Road. See Idaho Code § 40-204A(5). See also Idaho Code §§ 40-204A(4), 40-2324.

**COMPLAINT**                                                                                               **5**

**13.**     Defendant UNITED STATES OF AMERICA is the owner of the real property upon which part of the Eagle Creek Road exists, as illustrated in Exhibit "A", Exhibit "B", and Exhibit "C", which are attached hereto and incorporated herein to this Complaint.

**14.**     Defendants SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE, CHIEF OF THE UNITED STATES FOREST SERVICE, REGIONAL FORESTER OF THE NORTHERN REGION OF THE UNITED STATES FOREST SERVICE, FOREST SUPERVISOR FOR THE IDAHO PANHANDLE NATIONAL FORESTS OF THE UNITED STATES FOREST SERVICE, and DISTRICT RANGER FOR THE COEUR D'ALENE RIVER RANGER DISTRCT OF THE UNITED STATES FOREST SERVICE ("USFS") are now the administrators of the real property upon which part of the Eagle Creek Road exists, as illustrated in Exhibit "A", Exhibit "B", and Exhibit "C", which are attached hereto and incorporated herein to this Complaint.

**FACTS**

**I. LEGAL DESCRIPTION OF EAGLE CREEK ROAD.**

**15.**     While the Eagle Creek Road, as it exists across the lands owned by private landowners and by the USA, is illustrated in Exhibit "C", the Eagle Creek Road is generally and legally described as beginning at a point of intersection of Eagle Creek and Prichard Creek in the Northwest Quarter of Section 35, Township 50 North, Range 4 East, Boise Meridian, Shoshone County, State of Idaho. At this point the road running East and West is Forest Highway No. 9 (or commonly known as Prichard Creek Road). Bearing in a northeast direction from Forest Highway No. 9, the Eagle Creek Road traverses through Sections 35, 26, 25, and 24 of Township 50 North, Range 4 East, Boise Meridian. It is believed and thereafter alleged that the Eagle Creek Road may also cross the northwest tip of Section 30, Township 50 North, Range 5 East, Boise Meridian. The Eagle Creek Road then continues in a northeasterly direction through Sections 19, 20, 17, 16, 15, 14, and 13 of Township 50 North, Range 5 East, Boise Meridian. It is believed and thereafter alleged that the Eagle Creek Road may also cross the southwest tip of

Section 12, Township 50 North, Range 5 East, Boise Meridian. The Eagle Creek Road then continues in a southeasterly direction through Sections 13 and 24, Township 50 North, Range 5 East, Boise Meridian. The Eagle Creek Road then continues in a southeasterly direction through Section 19 of Township 50 North, Range 6 East, Boise Meridian, ending at some private land in Section 19 of Township 50 North, Range 6 East, Boise Meridian, Shoshone County, State of Idaho. An actual survey will provide the precise legal description of the Eagle Creek Road as it traverses across the lands owned by the USA (which can be provided upon Order of the Court as a condition to the entry of any Judgment in favor of the Plaintiffs). See Idaho Code §§ 40-203A(2)(a), 40-203A(5).

## II. LAND STATUS OF THE EAGLE CREEK ROAD.

**16.**     The land status of the real property upon which the Eagle Creek Road exists across the lands owned by the USA, as illustrated in Exhibit "C" and as described in paragraph 15, took two different forms over time.

**17.**     Public land: Between March 4, 1863 and July 2, 1890, this real property was part of the Idaho Territory, since the USA officially designated the real property within what is now the State of Idaho as a territory of the United States on March 4, 1863 (12 Stat. 808), and since the United States of America officially established the State of Idaho as a State on July 3, 1890.

**18.**     Between March 4, 1863 and July 2, 1890, and certainly between July 3, 1890 and November 5, 1906, this real property was part of the public domain (aka public land) of the United States of America.

**19.**     Forest Reserve (aka National Forest System lands): Between November 6, 1906 and the present day, this real property was reserved from the public land and designated as a Forest Reserve (aka National Forest System lands), since the President of the United States issued a proclamation on November 6, 1906 establishing the Coeur d'Alene National Forest. 34 Stat. 3256.

**COMPLAINT**                                                                                                    **7**

### III. THE ESTABLISHMENT, USE, and VALIDATION OF THE EAGLE CREEK ROAD.

**20.**     While the real property upon which the Eagle Creek Road exists across the lands owned by the USA was *public land*, there was significant public use and development on, along, and adjacent to this real property, as alleged in the paragraphs below. It was a product of this public use and development that the Eagle Creek Road was established, as alleged in the paragraphs below. In addition, it was a product of this public use and development that the Eagle Creek Road has continued to be used by the public over time, as well as acknowledged, recognized, and validated, as also alleged in the paragraphs below.

### A. MINING CLAIMS and TELEGRAPH LINE.

**21.**     In 1883, a man by the name of Andrew J. Prichard wrote a letter to some associates advising them of his finding of gold on what would become known as Prichard Creek. Prichard Creek is in the vicinity of where the Eagle Creek Road begins.

**22.**     With the "leak" of gold being found, men converged on the site from all directions.

**23.**     Those traveling in from Montana came over the trail that became known as the Belknap Trail which was at first a wagon-road down the East Fork of Eagle Creek to the townsite of Eagle, Idaho. A few years later, the Belknap Trail was rerouted down Butte Gulch as a pack trail to the townsite of Murray, Idaho.

**24.**     By the end of the summer of 1883, it was reported that several thousand men had come to the area in search of gold, with many of them staking claims.

**25.**     A review of the lode location index at Shoshone County Court House in Wallace, Idaho indicates that the likely first claim was located by A.J. Prichard and David Endicott dated March 22, 1883, and filed for record in Book F, Locations, at page 106, records of Shoshone County, State of Idaho. This location was followed by M. Gelatt, dated March 25, 1883, and filed in Book F, Locations, at page 107, records of Shoshone County, State of Idaho.

**26.**     A review of the lode location index at Shoshone County Court House in Wallace, Idaho also indicates that within just sixteen months after March 1883, prospecting and development

**COMPLAINT**                                                                                                          **8**

continued on, along and adjacent Eagle Creek and Prichard Creek, including the surrounding tributaries, like the West Fork of Eagle Creek (sometimes referred to as the North Fork of Eagle Creek), the East Fork of Eagle Creek (sometimes referred to as the South Fork of Eagle Creek), and Tributary Creek. A sample of these early lode locations are identified in paragraphs 27 through 35. The Eagle Creek Road generally follows the drainage of the East Fork of Eagle Creek and the drainage of Tributary Creek. See Exhibit "C".

27.     On April 21, 1884, a lode location was filed by Sam H. Johnson, Sam B. Wilson and John Southerland in Book F, Locations, at page 11, records of Shoshone County, State of Idaho. This filing included a designation that the claim was "on the right hand side of Fancy Gulch and runs N.W. by South East and about 3 ½ miles from Eagle City."  Fancy Gulch is located in Section 25 of Township 50 North, Range 4 East, Boise Meridian, and in Section 30 of Township 50 North, Range 5 East, Boise Meridian.

28.     On April 25, 1884, a lode location was filed by Thomas Wall in Book F, Locations, at page 26, records of Shoshone County, State of Idaho. This filing included a designation that the claim was located "on side mountain on the East Fork of Eagle Creek at a point about 8 miles from Eagle City." This location equates to Sections 13 or 24 of Township 50 North, Range 5 East, Boise Meridian.

29.     On May 1, 1884, a lode location was filed by J.S. Beard, John Grant, J.T. Taylor and Geo. R. Langston in Book F, Locations, at page 6, records of Shoshone County, State of Idaho. This filing included a designation that the claim was "on the North slope of Oregon Gulch, about five miles from Eagle City." Oregon Gulch is located in Sections 19 and 30 of Township 50 North, Range 5 East, Boise Meridian.

30.     On May 2, 1884, a lode location was filed by James H. Lusha in Book F, Locations, at page 25, records of Shoshone County, State of Idaho. This filing included a designation that the claim was "about six miles from Eagle City on the South Fork of Eagle Creek". This location equates to Sections 15 or 14 of Township 50 North, Range 5 East, Boise Meridian.

**COMPLAINT**                                                                                            **9**

**31.**     On May 6, 1884, a lode location was filed by Charles Rice in Book F, Locations, at page 27, records of Shoshone County, State of Idaho. This filing included a designation that the location was approximately 5 ½ miles from Eagle City on the East Fork of Eagle Creek. This location equates to Section 14 of Township 50 North, Range 5 East, Boise Meridian.

**32.**     On May 10, 1884, a lode location was filed by J.K. Waite, C.C. Clark, C.E. Gable and W.H. Lovin in Book F, Locations, at page 57, records of Shoshone County, State of Idaho. This filing included a designation that the claim was "situated in Pennsylvania Gulch." This location equates to Section 15 of Township 50 North, Range 5 East, Boise Meridian.

**33.**     On May 12, 1884, a lode location was filed by J.P. Curtis in Book B, Locations, at page 12, records of Shoshone County, State of Idaho. This filing included a designation that the claim was "on bed-rock gulch creek about three miles from Eagle City." Bedrock Gulch is located in Section 25 of Township 50 North, Range 4 East, Boise Meridian.

**34.**     On May 18, 1884, a lode location was filed by Wyatt Earp and E.F. Northam in Book F, Locations, at page 92, records of Shoshone County, State of Idaho. This filing included a designation that the claim was "on Eagle Creek on North Slope of what is known as Bald Mountain . . ." which is approximately 1-mile north of the East Fork of Eagle Creek. This filing also included a designation that the claim is "Eagle Creek" so it is believed and therefore alleged that Earp's claim was most likely in Section 17 of Township 50 North, Range 5 East, Boise Meridian.

**35.**     On June 20, 1884, a lode location was filed by John K. Waite in Book F, Locations, at page 175, records of Shoshone County, State of Idaho. This filing included a designation that the claim "is situated on Lost Jack Gulch which is an eastern fork of Tributary Creek heading about fifteen rods northwest from the easement of Belknap Trail"; and that one of the corners of the claim, i.e., corner B, was "situated near the telegraph line up the hill from Lost Jack Gulch." This latter designation documents that a communication line, i.e., Telegraph Line, already existed to the area as early as June, 1884.

**36.**     Many other lode locations were subsequently filed, maintained, and transferred over time on, along, or adjacent to the Eagle Creek Road.

**37.**     The records and files of the U.S. Department of Interior, Bureau of Land Management, disclose many currently existing mining claims on, along, or adjacent to the Eagle Creek Road.

### B. PATENTS.

**38.**     With the filing of various lode locations and other land entries, the USA issued Patents on, along, and adjacent to the Eagle Creek Road over time. Access to this patented land was via the Eagle Creek Road.

**39.**     The Patents pertinent to this Complaint as related to the Duthie area (within the drainage of Tributary Creek) within Section 19 of Township 50 East, Range 6 East, Boise Meridian, are identified in paragraphs 40 through 44. See Exhibit "C" at pages 12-13.

**40.**     On September 24, 1892, a Patent was issued for real property legally described as Mineral Survey 711 within Section 19 of Township 50 North, Range 6 East, Boise Meridian.

**41.**     On June 4, 1895, a Patent was issued for real property legally described as Mineral Survey 708 within Section 19 of Township 50 North, Range 6 East, Boise Meridian.

**42.**     On June 21, 1895, a Patent was issued for real property legally described as Mineral Survey 730 within Section 19 of Township 50 North, Range 6 East, Boise Meridian.

**43.**     On November 3, 1896, a Patent was issued for real property legally described as Mineral Survey 712 within Section 19 of Township 50 North, Range 6 East, Boise Meridian.

**44.**      On April 4, 1935, a Patent was issued for real property legally described as Mineral Survey 3188 within Section 19 of Township 50 North, Range 6 East, Boise Meridian.

**45.**     The Patents pertinent to this Complaint as related to the Jack Waite mine area (near the confluence of the East Fork of Eagle Creek and Tributary Creek) within Sections 12 and 13 of Township 50 East, Range 5 East, Boise Meridian, are identified in paragraphs 46 and 47. See Exhibit "C" at pages 5, 10-11.

**COMPLAINT**                                                                                                **11**

**46.**     On February 3, 1897, a Patent was issued for real property legally described as Mineral Survey 1014 within Sections 11 and 12 of Township 50 North, Range 5 East, Boise Meridian.

**47.**     On June 27, 1918, a Patent was issued for real property legally described as Mineral Survey 2310 within Section 13 of Township 50 North, Range 5 East, Boise Meridian.

**48.**     The Patents pertinent to this Complaint as related to the Eagle, Idaho area (near the confluence of the West Fork and East Fork of Eagle Creek) within Sections 35, 26, and 25 of Township 50 East, Range 4 East, Boise Meridian, are identified in paragraphs 49 and 50. See Exhibit "C" at pages 1-4.

**49.**     On December 5, 1910, a Patent was issued for real property legally described as Mineral Survey 2113 within Sections 35 and 26 of Township 50 North, Range 4 East, Boise Meridian.

**50.**     On April 22, 1926, a Patent was issued for real property legally described as Homestead Entry Survey 554 within Section 25 of Township 50 North, Range 4 East, Boise Meridian.

### C. EASEMENT or ACKNOWLEDGMENT OF EAGLE CREEK ROAD.

**51.**     With the filing of various lode locations, other land entries, and Patents, an easement or acknowledgment of right-of-way was filed relative to the Eagle Creek Road. This easement or acknowledgment of right-of-way is identified in paragraphs 52.

**52.**     On December 12, 1941, "A deed of Further Assurance" was filed as Instrument Number 120432 with Shoshone County, State of Idaho. The Grantor of this deed apparently held an unpatented mining claim within Section 26 of Township 50 North, Range 4 East, Boise Meridian, wherein the Eagle Creek Road crosses. The Grantor conveyed to the USA a 60-foot road right of way through the mining claim. This deed states that " the road crosses the unpatented mining claim at the bottom of the hill and extends several hundred feet past into Forest Service land where it switches back and crosses the mining claim again further up on the hill." This deed further states that the Grantor confirm upon the Grantee "the complete right … for the general public for each and every purpose for which a road may be used under the laws of the State of Idaho to pass and repass thereover …" This deed contains a reversionary clause.

## D. SURVEYS and MAPS AS RELATED TO THE EAGLE CREEK ROAD.

**53.**    With the filing of various lode locations, other land entries, and Patents, surveys were conducted by the USA and maps were prepared over time. These surveys and maps acknowledged and recognized the existence of the Eagle Creek Road.

**54.**    T50NR4E and T50R5ES20: In 1908, the United States Printing Office published a report by the U.S. Geological Survey entitled "The Geology and Ore Deposits of the Coeur d'Alene District, Idaho". This report included a map, based upon a survey in 1900-1901, entitled "Topographic Map of the Coeur d'Alene District, Idaho". This topographic map illustrates the Eagle Creek Road from its beginning at the townsite in Eagle, Idaho to Township 50 North, Range 5 East, Section 20 (aka "Niagara Gulch" area).

**55.**    T50NR4E: On March 11, 1911, the USA through the General Land Office approved a survey of Township 50 North, Range 4 East, based upon on-the-ground field survey notes taken between September 11, 1905 and September 12, 1905, between June 24, 1908 and October 24, 1908, and between November 13, 1909 and November 22, 1909. While this survey does not generally illustrate the Eagle Creek Road within Section 35, 26, 25, and 24 of Township 50 North, Range 4 East, Boise Meridian, this survey includes a notation of a road in the location of the Eagle Creek Road within southeast of the southeast quarter of Section 24.

**56.**    T50NR5E: On May 21, 1914, the USA through the General Land Office approved a survey of Township 50 North, Range 5 East, based upon on-the-ground field survey notes taken between June 24, 1909 and June 26, 1909, and between June 7, 1912 and August 15, 1912. This survey generally illustrates the Eagle Creek Road within Section 19, 20, 17, 16, 15, 14, 11, 13, 24 of Township 50 North, Range 5 East, Boise Meridian. This survey also generally illustrates a "telephone" line on or along the Eagle Creek Road.

**57.**    T50NR6E: On May 21, 1914, the USA through the General Land Office approved a survey of Township 50 North, Range 6 East, based upon on-the-ground field survey notes taken between June 25, 1909 and June 29, 1909, and between August 2, 1912 and August 23, 1912.

**COMPLAINT**                                                                                          **13**

This survey generally illustrates the Eagle Creek Road within Section 19 of Township 50 North, Range 6 East, Boise Meridian.

58.     Maps have been published that illustrate and reference the Eagle Creek Road as Forest Service Road 152. In addition, the USA through the U.S. Geological Survey have published 7.5 minute maps that illustrate the Eagle Creek Road upon the following quadrangles: Grizzly Mountain; Prichard; Murray, Idaho-Montana; and Black Peak, Montana-Idaho.

### E. SHOSHONE COUNTY ACTIONS AS RELATED TO EAGLE CREEK ROAD.

59.     Due to at least the activity alleged in the paragraphs above, Shoshone County acted as to the status of the Eagle Creek Road over time.

60.     1971 Resolution: On December 28, 1971, Shoshone County, through its Board of County Commissioners, passed a Resolution "concerning the Eagle Creek Road after meeting with Paul DeCelle and Bill Morrow from the U.S. Forest Service." Citing the Board of County Commissioners authority under Idaho law to designate county roads, Shoshone County, through the Board, resolved that "Eagle Creek Road No. 152 from Forest Highway 9 to Jack Waite Mine, a distance of approximately ___ miles, be, and it hereby is, declared to be a part of the County Road System of Shoshone County, Idaho."

61.     1997 Resolution: On July 15, 1997, Shoshone County, through two members of its Board of County Commissioners, adopted a Resolution 97-60 relating to the Resolution described in paragraph 60. Resolution 97-60 "rescinded" the Resolution described in paragraph 60. However, on its face, this action is not based upon any process to abandon and vacate a "public right-of-way" as prescribed by Idaho Code § 40-203(1). In addition, if this action intended to abandon and vacate a "pubic right-of-way", it was legally incapable of doing so since abandoning and vacating the Eagle Creek Road would leave real property (i.e., private land) adjoining the "public right-of-way" without access to an established "public right-of-way"; including but not limited to the private land owned by Stephenson. Idaho Code § 40-203(2).

**COMPLAINT**                                                                                          **14**

**62.**   2009 Resolution: On July 23, 2009, July 29, 2009, and August 5, 2009, a notice of public hearing was published advertising a public hearing to be held on August 12, 2009 at the Murray Courthouse to consider a petition to validate the Eagle Creek Road as a "public right-of-way". Idaho Code §§ 40-203A(2)(c), 40-203A(2)(d). See Idaho Code §§ 40-203A(1), 40-204A(5).

**63.**   On August 12, 2009, a public hearing occurred on the record. No adverse testimony to the assertion of right-of-way and testimony and written submissions at the hearing documented public use of the right-of-way prior to 1893. Idaho Code §§ 40-203A(2)(d), 40-203A(2)(e).

**64.**   The District Ranger for the Coeur d'Alene River Ranger District appeared at the public hearing on the record on August 12, 2009. The District Ranger participated in the hearing, did not object to the validation process, and did not offer any evidence at the validation hearing against the validation of the Eagle Creek Road as a "public right-of-way" in accordance with the laws of the State of Idaho and the laws of the United States of America.

**65.**   After the public hearing, on September 15, 2009, Shoshone County, through its Board of County Commissioners, issued Findings of Fact and Conclusions of Law. Though these Findings and Conclusions speak for themselves, the Conclusions and Decision was that "the Shoshone County Board of Commissioners shall execute a resolution validating the Eagle Creek Road as a public right-of-way." Idaho Code §§ 40-203A(3), 40-203A(5).

**66.**   Based upon the Findings and Conclusions, Shoshone County, through its Board of County Commissioners, passed Resolution 2009-37 that "validated" the Eagle Creek Road as a public right-of-way under State Law". Idaho Code §§ 40-203A(3), 40-203A(5).

**67.**   The USA through the "U.S. Forest Service" was notified of Resolution 2009-37, as directed by the Resolution itself.

**68.**   Defendants have not sought *judicial review* of Resolution 2009-37 or the Findings of Fact and Conclusions of Law upon which Resolution 2009-37 is based. See Idaho Code §§ 40-203A(4), 40-208.

**COMPLAINT**                                                                                     **15**

## IV. THE PHYSICAL STATUS OF THE EAGLE CREEK ROAD.

**69.**     While the legal status of the Eagle Creek Road has been constant over time, and while Shoshone County and the public have retained their authority to use and maintain the Eagle Creek Road, the current physical status of the Eagle Creek Road varies upon segments of the road; ranging from development (i.e. paved road) on parts of the road, to the removal of some "culverts" and "road channel crossings" on other parts of the road. See Exhibit "A", which illustrates the location of three (3) segments of the Eagle Creek Road. See also Exhibit "C", which illustrates the location of three (3) segments of the Eagle Creek Road, including five (5) sub-segments of Segment #2.

**70.**     The removal of culverts/crossings on parts of the Eagle Creek Road did not occur by action or inaction by Shoshone County since the maintenance of a "public right-of-way" is not required by Idaho Code §§ 40-117(6), 40-202(4), 40-204A(4). See also Idaho Code § 40-204A(2) (wherein Idaho law states that the "only method for the abandonment of these right-of-ways shall be that of eminent domain proceedings", adding that "Neither the mere passage of time nor the frequency of use shall be considered a justification for considering these rights-of-way to have been abandoned"). Instead, this removal occurred by action of the USFS. See USFS Decision Notice dated October 7, 1997. This action by the USFS did not rest on any court adjudication/declaration that the Eagle Creek Road was or was not a "public right-of-way" under Idaho law or Federal law. This action by the USFS also did not rest on any administrative action upon an application for access to non-Federal lands. See 36 C.F.R. § 251.114(f)(1).

**71.**     Segment #1, as illustrated on Exhibit "C" at pages 3-4, that lays across the lands owned by the USA: This portion of the Eagle Creek Road is currently a paved road. It is currently actively used by the public.

**72.**     Segment #2A [between HES 554 and T50NR4ES25 (NENW)], as illustrated on Exhibit "C" at page 4, that lays across the lands owned by the USA: This portion of the Eagle Creek Road is currently a dirt/gravel road. It is currently actively used by the public.

**COMPLAINT**                                                                                                      **16**

**73.**     Segment #2B [between T50NR4ES25 (NENW) and T50NR5ES19 (SWSW)], as illustrated on Exhibit "C" at pages 4 and 6: This portion of the Eagle Creek Road is currently a dirt road. It is currently used by the public.

**74.**     Segment #2C [between T50NR5ES19 (SWSW) and T50NR5ES15 (SWNW)], as illustrated on Exhibit "C" at pages 6-9: This portion of the Eagle Creek Road is currently a dirt road, though culverts have been removed by the USFS and parts of the road have been removed by the USFS. It is currently used by the public.

**75.**     Segment #2D [between T50NR5ES15 (SWNW) and T50NR5ES14 (NENE)], as illustrated on Exhibit "C" at pages 9-10: This portion of the Eagle Creek Road is currently a dirt road, though culverts have been removed by the USFS. It is currently used by the public.

**76.**     Segment #2E [between T50NR5ES14 (NENE) to MS 2310], as illustrated on Exhibit "C" at pages 10-11: This portion of the Eagle Creek Road is currently a dirt/gravel road. It is currently actively used by the public.

**77.**     Segment #3 [between MS 2310 and MS 712)], as illustrated on Exhibit "C" at pages 11 and 13: This portion of the Eagle Creek Road is currently a dirt/gravel road. It is currently actively used by the public.

### V. CONFIRMATION BY A FEDERAL COURT.

**78.**     While the legal status of the Eagle Creek Road has been constant over time, and while Shoshone County validated the Eagle Creek Road as a "public right-of-way", it is apparent that the status of the Eagle Creek Road as a "public right-of-way" needs to be confirmed by a Federal Court. See *The Wilderness Society v. Kane County, Utah*, 2009 WL 2777712 at *14-15 (10th Cir. 2009), citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983), for the proposition that the "Quiet Title Act is the sole avenue by which … (a) County can seek to prove the existence of its R.S. 2477 rights in court."

**COMPLAINT**                                                                                                   **17**

**79.**     Plaintiffs do not concede that confirmation/adjudication/declaration by a Federal Court is a necessary condition precedent, particularly in face of the validation process completed by Shoshone County, i.e. Resolution 2009-37.

**80.**     Assuming it is determined that it is a necessary condition precedent, Plaintiffs do not waive the validation that the Shoshone County made in Resolution 2009-37, and Plaintiffs do not agree/waive that through the filing of this Complaint the burden of proof shifts back upon the Plaintiffs, particularly Shoshone County, to prove *a second time* the "public right-of-way" status of the Eagle Creek Road as already determined by Shoshone County.

<u>**FIRST CLAIM FOR RELIEF – "FEDERAL LAND RIGHT-OF-WAY"**</u>

**81.**     Plaintiffs reallege and incorporate by reference paragraphs 1-80 herein.

**82.**     From July 26, 1866 until its repeal on October 21, 1976, Section 8 of the Act of July 26, 1866, codified as 43 U.S.C. § 932 ("R.S. 2477"), granted a "right of way for the construction of highways over public lands, not reserved for public uses."

**83.**     The R.S. 2477 right-of-way grant is "self-executing." <u>See</u> *Sierra Club v. Hodel*, 848 F.2d 1068, 1083 (10th Cir.1988).

**84.**     The R.S. 2477 right-of-way grant comes into existence automatically when a public road is established across the public land in accordance with the law of the State. Whether R.S. 2477 right-of-way grant has been established is a question of State law. <u>See</u> *Sierra Club v. Hodel*, 848 F.2d 1068, 1078 (10th Cir.1988).

**85.**     Idaho law allows the establishment of a "federal land right-of-way" in accordance with Idaho Code § 40-204A. <u>See</u> Idaho Code § 40-107(5) (definition of "federal land rights of way"). When established, a "federal land right-of-way" is also a "public right-of-way" under Idaho law, except as related to "the creation of a facility for the transmission of water", which is not at issue in this Complaint. <u>See</u> Idaho Code § 40-117(6) (definition of "public right-of-way")..

**86.**     Idaho Code § 40-204A(1) provides that "The state recognizes that the act of construction and first use constitute the acceptance of the (R.S. 2477) grant given to the public for federal

COMPLAINT                                                                                                                  18

land rights-of-way, and that once acceptance of the grant was established, the grant shall be for perpetual term granted by the congress of the United States."

87.     Idaho Code § 40-204A(3) provides that "All of said rights-of-way shall be shown by some form of documentation to have existed prior to the withdrawal of the federal grant … Documentation may take the form of a map, an affidavit, surveys, books or other historic information."

88.     The Eagle Creek Road was constructed and first used prior to the establishment of the Coeur d'Alene National Forest in 1906. This construction and use is documented in the maps, surveys, books and other historical information pled herein, as well as any other information that may be offered by the Plaintiffs.

89.     Wherefore, the Eagle Creek Road -- as it exists across the lands owned by USA -- is a "federal land right-of-way", and as such is also a "public right-of-way", under Idaho law with all the rights and privileges allowed under Idaho law and R.S. 2477.

## SECOND CLAIM FOR RELIEF – "FEDERAL LAND RIGHT-OF-WAY" *VALIDATED AS A "PUBLIC RIGHT-OF-WAY"*

90.     Plaintiffs reallege and incorporate by reference paragraphs 1-89 herein

91.     From July 26, 1866 until its repeal on October 21, 1976, Section 8 of the Act of July 26, 1866, codified as 43 U.S.C. § 932 ("R.S. 2477"), granted a "right of way for the construction of highways over public lands, not reserved for public uses."

92.     The R.S. 2477 right-of-way grant is "self-executing." See *Sierra Club v. Hodel*, 848 F.2d 1068, 1083 (10th Cir.1988).

93.     The R.S. 2477 right-of-way grant comes into existence automatically when a public road is established across the public land in accordance with the law of the State. Whether R.S. 2477 right-of-way grant has been established is a question of State law. See *Sierra Club v. Hodel*, 848 F.2d 1068, 1078 (10th Cir.1988).

**COMPLAINT**                                                                                                    **19**

**94.**     Idaho law allows the establishment of a "federal land right-of-way" in accordance with Idaho Code § 40-204A, and allows for the validation of such "federal land right-of-way" as a "public right-of-way" also in accordance with Idaho Code § 40-204A,

**95.**     Idaho Code § 40-204A(1) provides that "The state recognizes that the act of construction and first use constitute the acceptance of the (R.S. 2477) grant given to the public for federal land rights-of-way, and that once acceptance of the grant was established, the grant shall be for perpetual term granted by the congress of the United States."

**96.**     Idaho Code § 40-204A(3) provides that "All of said rights-of-way shall be shown by some form of documentation to have existed prior to the withdrawal of the federal grant … Documentation may take the form of a map, an affidavit, surveys, books or other historic information."

**97.**     Idaho Code § 40-204A(5) provides that "Persons seeking to have a federal land right-of-way, including those which furnish public access to … federal public lands, validated as a … public right-of-way as part of a county … system, shall follow the procedure outlined in section 40-203A, Idaho Code."

**98.**     Between July 2009 and September 2009, Shoshone County followed the procedure outlined in Idaho Code § 40-203A to validate the Eagle Creek Road "federal land right-of-way" as a "public right-of-way". Upon conforming to such procedure, Shoshone County validated the Eagle Creek Road as a "public right-of-way".

**99.**     Wherefore, the Eagle Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho law with all the rights and privileges allowed under Idaho law and R.S. 2477.

///

///

///

///

**COMPLAINT**                                                                                                     **20**

## THIRD CLAIM FOR RELIEF – "PUBLIC RIGHT-OF-WAY"

**100.**     Plaintiffs reallege and incorporate by reference paragraphs 1-99 herein.

**101.**     From July 26, 1866 until its repeal on October 21, 1976, Section 8 of the Act of July 26, 1866, codified as 43 U.S.C. § 932 ("R.S. 2477"), granted a "right of way for the construction of highways over public lands, not reserved for public uses."

**102.**     The R.S. 2477 right-of-way grant is "self-executing." See *Sierra Club v. Hodel*, 848 F.2d 1068, 1083 (10th Cir.1988).

**103.**     The R.S. 2477 right-of-way grant comes into existence automatically when a public road is established across the public land in accordance with the law of the State. Whether R.S. 2477 right-of-way grant has been established is a question of State law. See *Sierra Club v. Hodel*, 848 F.2d 1068, 1078 (10th Cir.1988).

**104.**     Before 1893, the standard to establish a public road in Idaho was stated in Idaho Revised Statutes, Section 851 (1887). Section 851 states that "... all roads used as such for a period of five years, are highways."

**105.**     After 1893, the standard to establish a public road in Idaho was stated in Idaho Code § 40-202(3). However, Idaho Code § 40-117(6) still states that a "public right-of-way includes a right-of-way which was originally intended for development as a highway and was accepted on behalf of the public by … prescriptive use". Idaho Code § 40-202(3) states that "all highways used for a period of five (5) years, provided they shall have been worked and kept up at the expense of the public … are highways." See *Floyd v. Board of Com'rs Bonneville County*, 137 Idaho 718, 52 P.3d 863, 869 (Idaho 2002). "It is not required that a prescriptive road be worked on for five consecutive years, nor does the statute require work to be done throughout the road's entire length, but only requires that such work as may be needed be done when necessary, for the statutory period, in order to acquire the right by prescription." State v. Nesbitt, 79 Idaho 1, 6, 310 P.2d. 878 (Idaho 1957).

**106.**    The Eagle Creek Road was established by public use for a period of 5-years preceding 1893, which also preceded the establishment of the Coeur d'Alene National Forest in 1906.

**107.**    In the alternative, the Eagle Creek Road was establish by public use for a period of 5-years preceding 1906, and under information and belief, road work was done on at least a portion of the Eagle Creek Road over a 5-year period before 1906.

**108.**    Wherefore, the Eagle Creek Road -- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho law with all the rights and privileges allowed under Idaho law and R.S. 2477. 2477.

### FOURTH CLAIM FOR RELIEF – *VALIDATED* "PUBLIC RIGHT-OF-WAY"

**109.**    Plaintiffs reallege and incorporate by reference paragraphs 1-108 herein.

**110.**    From July 26, 1866 until its repeal on October 21, 1976, Section 8 of the Act of July 26, 1866, codified as 43 U.S.C. § 932 ("R.S. 2477"), granted a "right of way for the construction of highways over public lands, not reserved for public uses."

**111.**    The R.S. 2477 right-of-way grant is "self-executing." See *Sierra Club v. Hodel*, 848 F.2d 1068, 1083 (10th Cir.1988).

**112.**    The R.S. 2477 right-of-way grant comes into existence automatically when a public road is established across the public land in accordance with the law of the State. Whether R.S. 2477 right-of-way grant has been established is a question of State law. See *Sierra Club v. Hodel*, 848 F.2d 1068, 1078 (10th Cir.1988).

**113.**    Before 1893, the standard to establish a public road in Idaho was stated in Idaho Revised Statutes, Section 851 (1887). Section 851 states that "... all roads used as such for a period of five years, are highways."

**114.**    After 1893, the standard to establish a public road in Idaho was stated in Idaho Code § 40-202(3). However, Idaho Code § 40-117(6) still states that a "public right-of-way includes a right-of-way which was originally intended for development as a highway and was accepted on behalf of the public by … prescriptive use". Idaho Code § 40-202(3) states that "all highways

**COMPLAINT**                                                                                    **22**

used for a period of five (5) years, provided they shall have been worked and kept up at the expense of the public … are highways." See *Floyd v. Board of Com'rs Bonneville County*, 137 Idaho 718, 52 P.3d 863, 869 (Idaho 2002). "It is not required that a prescriptive road be worked on for five consecutive years, nor does the statute require work to be done throughout the road's entire length, but only requires that such work as may be needed be done when necessary, for the statutory period, in order to acquire the right by prescription." State v. Nesbitt, 79 Idaho 1, 6, 310 P.2d. 878 (Idaho 1957).

**115.**    The Eagle Creek Road was established by public use for a period of 5-years preceding 1893, which also preceded the establishment of the Coeur d'Alene National Forest in 1906.

**116.**    In the alternative, the Eagle Creek Road was establish by public use for a period of 5-years preceding 1906, and under information and belief, road work was done on at least a portion of the Eagle Creek Road over a 5-year period before 1906.

**117.**    Idaho law allows for the validation of a "public right-of-way" in accordance with Idaho Code § 40-203A.

**118.**    Between July 2009 and September 2009, Shoshone County followed the procedure outlined in Idaho Code § 40-203A to validate the Eagle Creek Road as a "public right-of-way". Upon conforming to such procedure, Shoshone County validated the Eagle Creek Road as a "public right-of-way".

**119.**    Wherefore, the Eagle Creek Road -- as it exists across the lands owned by USA --  is a "public right-of-way" under Idaho law with all the rights and privileges allowed under Idaho law and R.S. 2477.

## PRAYER FOR RELIEF

**120.**    Wherefore, Plaintiffs pray:

> **(1)** This court quiet title, declare, adjudge, or decree that the Eagle Creek Road -- as it exists across the lands owned by USA -- is a "federal land right-of-way" under Idaho law with all the rights and privileges allowed under Idaho law and R.S. 2477 due to the claim alleged in the *First Claim for Relief*.

**(2)** This court quiet title, declare, adjudge, or decree that the Eagle Creek Road-- as it exists across the lands owned by USA -- is a "public right-of-way" under Idaho law with all the rights and privileges allowed under Idaho law and R.S. 2477 due to any of the claims alleged in the Complaint.

**(3)** This court quiet title, declare, adjudge, or decree that Shoshone County holds the "federal land right-of-way" and/or "public right-of-way" as related to the Eagle Creek Road as it exists across the lands owned by USA, *without* fee and *without* any additional authorization from the Defendants.

**(4)** This court quiet title, declare, adjudge, or decree that the Plaintiffs, as well as the public, have the right to use the "federal land right-of-way" and/or "public right-of-way" as related to the Eagle Creek Road as it exists across the lands owned by USA, *without* fee and *without* any additional authorization from the Defendants.

**(5)** The court quiet title, declare, adjudge, or decree that Shoshone County has the right and interest to maintain the Eagle Creek Road as it crosses the lands owned by the USA consistent with Idaho law and within the scope prescribed by Idaho Code § 40-2312 (i.e., "not less than fifty (50) feet" wide), or, alternatively, within such other scope as determined reasonable for the use and maintenance of the Eagle Creek Road.

**(6)** The court allow Shoshone County to remove or order the Defendants to remove any obstructions, including sign(s), that may interfere or impede with the public use and maintenance of the Eagle Creek Road as it exists across the lands owned by USA.

**(7)** The court allow Shoshone County 14-months or two summer seasons, whichever is longer, from the issuance of the order confirming a "federal land right-of-way" and/or "public right-of-way" status upon the Eagle Creek Road as it exists across the lands owned USA, to submit a recordable survey of the Eagle Creek Road which will be incorporated into the judgment of this court.

**(8)** For such other and further relief as the court deems just and equitable, including the Plaintiffs' attorney fees and costs under any applicable law, including the *Equal Access to Justice Act*.

///

///

///

**COMPLAINT**                                                                                          **24**

Respectfully submitted, this 5th day of October, 2009.

**SHOSHONE COUNTY PROSECUTOR'S OFFICE**

By _____

    Val Siegel,

    the lawyer for County of Shoshone of the State of Idaho, *Plaintiff.*

**SCHROEDER & LEZAMIZ LAW OFFICES, LLP**

By _____

    W. Alan Schroeder

    the lawyer for George E. Stephenson, New Jersey Mining Company, *Plaintiffs.*