1 | THOMAS E. MOSS
United States Attorney, District of Idaho
2 | WARREN S. DERBIDGE, ISB # 1214
Assistant United States Attorney
3 | 800 Park Blvd., Suite 600
Boise, Idaho 83712
4 | Tel: (208) 334-1149; Fax: (208) 334-1414
warren.derbidge@usdoj.gov
5 |
IGNACIA S. MORENO
6 | Assistant Attorney General
United States Department of Justice
7 | Environment and Natural Resources Division
DAVID L. NEGRI, ISB # 6697
8 | United States Department of Justice
Environment and Natural Resources Division
9 | c/o US Attorney's Office
800 Park Blvd., Suite 600
10 | Boise, Idaho 83712
Tel: (208) 334-1936; Fax: (208) 334-1414
11 | david.negri@usdoj.gov

12 | Counsel for Defendants

13 |

14 | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

15 | COUNTY OF SHOSHONE OF THE STATE          )
OF IDAHO; GEORGE E. STEPHENSON;            )   Civil No. 09-505-S-BLW
16 | NEW JERSEY MINING COMPANY,               )
                                           )
17 |                          Plaintiffs,    )   **DEFENDANTS' ANSWER**
                                           )
18 |             vs.                         )
                                           )
19 | UNITED STATES OF AMERICA;              )
SECRETARY OF THE UNITED STATES             )
20 | DEPARTMENT OF AGRICULTURE;             )
CHIEF OF THE UNITED STATES FOREST          )
21 | SERVICE; REGIONAL FORESTER OF THE      )
NORTHERN REGION OF THE UNITED              )
22 | STATES FOREST SERVICE; FOREST          )
SUPERVISOR FOR THE IDAHO                    )
23 | PANHANDLE NATIONAL FORESTS OF          )
THE UNTIED STATES FOREST SERVICE;          )
24 | DISTRICT RANGER FOR THE COEUR          )
D'ALENE RIVER RANGER DISTRICT OF           )
25 | THE UNITED STATES FOREST SERVICE,      )
                                           )
26 |                          Defendants.    )
   | ―――――――――――――――――――――――――――――           )

27 |

28 | **DEFENDANTS' ANSWER - Page 1**

Defendants, by and through their legal counsel, and in answer to Plaintiffs' Complaint for Declaratory Judgment and Quiet Title ("Complaint"), admit, deny and allege as follows:

### GENERAL DENIAL

Except as expressly admitted herein, Defendants deny each and every allegation of Plaintiffs' Complaint and each paragraph therein.  To the extend that any allegation contained in Plaintiffs' Complaint remains unanswered, Defendants deny such allegation.

### SPECIFIC RESPONSES

1.      Paragraph 1 of Plaintiffs' Complaint contains Plaintiffs' characterization of the case to which no answer is required.  Defendants specifically deny any allegation that the claimed  "use and access" is "necessary."

2.      Defendants admit that portions of the Eagle Creek Road cross land owned and administered by the United States.  In response to the remaining allegations contained in Paragraph 2, Defendants state that the attached Exhibits speak for themselves as illustrative exhibits and admit the allegations to the extent consistent with the areas they purport to depict.

3.      In answer to Paragraph 3 of Plaintiffs' Complaint, Defendants admit that a county hearing appears to have occurred regarding the Eagle Creek Road on or about the date alleged.  Any further allegations contained in Paragraph 3 are legal conclusions to which no response is required.  If the Court deems an answer is required, Defendants specifically deny such allegations.

4.      In answer to Paragraph 4 of Plaintiffs' Complaint, Defendants admit that Forest Service personnel attended and participated in a Shoshone County hearing on August 12, 2009, but deny any further allegations.

5.      Defendants admit the allegations contained in Paragraph 5, and deny that any failure to seek judicial review implies agreement or waiver.

6.      In response to the allegations contained in paragraph 6, Defendants state that this Paragraph contains Plaintiffs' characterization of the case and legal conclusions to which no answer is required.  If the Court deems an answer is required, Defendants specifically deny such

**DEFENDANTS' ANSWER - Page 2**

allegations.

7.      In answer to paragraph 7, Defendants state that this Paragraph contains Plaintiffs' characterization of the case and legal conclusions to which no answer is required.

8.      In answer to Paragraph 8, Defendants state that this Paragraph contains jurisdictional allegations to which no answer is required.  If the Court deems an answer is required, defendants specifically deny such Paragraph.

9.      In answer to Paragraph 9 of Plaintiffs' Complaint, Defendants state that this Paragraph contains legal conclusions to which no answer is required.  If the Court deems an answer is required, Defendants specifically deny such Paragraph.

10.     In answer to Paragraph 10 of Plaintiffs' Complaint, Defendants state this Paragraph contains legal conclusions to which no answer is required.  To the extent this Paragraph is deemed to include factual allegations concerning the necessity of access to the Eagle Creek Road, Defendants deny such allegations.

11.     Defendants specifically deny the allegation of Paragraph 11 that "[t]he use of and access to this private land depend upon Eagle Creek Road, including the periodic maintenance of the Eagle Creek Road."  As to the remaining allegations of this Paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

12.      Defendants specifically deny the allegation of Paragraph 12 that "[t]he use of and access to these mining claims depend upon Eagle Creek Road, including the periodic maintenance of the Eagle Creek Road."  As to the remaining allegations of this Paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

13.     Defendants admit that portions of the Eagle Creek Road cross land owned and administered by the United States.  In response to the remaining allegations contained in Paragraph 13, Defendants state that the attached Exhibits speak for themselves as illustrative exhibits and admit the allegations to the extent consistent with the areas they purport to depict.

**DEFENDANTS' ANSWER - Page 3**

14.     Defendants admit that portions of the Eagle Creek Road cross land owned and administered by the United States.  In response to the remaining allegations contained in Paragraph 14, Defendants state that the attached Exhibits speak for themselves as illustrative exhibits and admit the allegations to the extent consistent with the areas they purport to depict.

15.     Defendants admit that Paragraph 15 generally describes the location of the Eagle Creek Road, but at this time are without sufficient knowledge or information sufficient to form a belief as to the accuracy of the specific legal descriptions, and therefore deny the same. Defendants aver that what is described by Plaintiffs as the Eagle Creek Road is no more than a trail at certain locations and is impassable by vehicle at other locations.

16.     Defendants admit the allegations contained in Paragraph 16.

17.     Defendants admit the allegations contained in Paragraph 17.

18.     Defendants admit the allegations contained in Paragraph 18.

19.     Defendants admit the allegations contained in Paragraph 19.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore deny such allegations.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore deny such allegations.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore deny such allegations.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore deny such allegations.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore deny such allegations.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore deny such allegations.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore deny such allegations.

**DEFENDANTS' ANSWER - Page 4**

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore deny such allegations.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore deny such allegations..

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore deny such allegations.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore deny such allegations.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore deny such allegations.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore deny such allegations.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore deny such allegations.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and therefore deny such allegations.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore deny such allegations.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and therefore deny such allegations.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore deny such allegations.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and therefore deny such allegations.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and therefore deny such allegations..

40. Defendants are without knowledge or information sufficient to form a belief as to

**DEFENDANTS' ANSWER - Page 5**

the truth of the allegations contained in Paragraph 40, and therefore deny such allegations.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and therefore deny such allegations.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and therefore deny such allegations.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and therefore deny such allegations.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and therefore deny such allegations.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and therefore deny such allegations.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and therefore deny such allegations.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and therefore deny such allegations..

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and therefore deny such allegations.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and therefore deny such allegations.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and therefore deny such allegations.

51.     Defendants admit the allegations contained in Paragraph 51.

52.     In answer to the allegations contained in Paragraph 52, Defendants state that the document cited speaks for itself and admit the allegations to the extent consistent with such document, but otherwise deny such allegations.  Defendants further state that the allegations contained in such paragraph constitute legal conclusions to which no response is required.

53.     Defendants admit the first sentence of Paragraph 53.  In answer to the allegations

**DEFENDANTS' ANSWER - Page 6**

contained in the second sentence of Paragraph 53, Defendants state that the surveys and maps referenced speak for themselves and admit the allegations to the extent consistent with such documents, but otherwise deny such allegations.

54.     In answer to the allegations contained in Paragraph 54 of Plaintiffs' Complaint, Defendants state the documents cited speak for themselves and admit the allegations to the extent consistent with such documents, but otherwise deny such allegations.

55.     In answer to the allegations contained in Paragraph 55 of Plaintiffs' Complaint, Defendants state the documents cited speak for themselves and admit the allegations to the extent consistent with such documents, but otherwise deny such allegations.

56.     In answer to the allegations contained in Paragraph 56 of Plaintiffs' Complaint, Defendants state the documents cited speak for themselves and admit the allegations to the extent consistent with such documents, but otherwise deny such allegations.

57.     In answer to the allegations contained in Paragraph 57 of Plaintiffs' Complaint, Defendants state the documents cited speak for themselves and admit the allegations to the extent consistent with such documents, but otherwise deny such allegations.

58.     Defendants admit the allegations contained in the first sentence of paragraph 58. In answer to the allegations contained in the second sentence of Paragraph 58, Defendants state the documents cited speak for themselves and admit the allegations to the extent consistent with such documents, but otherwise deny such allegations.

59.     In response to the allegations contained in Paragraph 59, Defendants admit that Shoshone County appears to have considered the Eagle Creek Road at times.  As to the remaining allegations in Paragraph 59, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

60.     In answer to the allegations contained in Paragraph 60 of Plaintiffs' Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations. Defendants further state that the

**DEFENDANTS' ANSWER - Page 7**

documents cited speak for themselves and admit the allegations to the extent consistent with such documents, but otherwise deny such allegations. Defendants aver that they could find no record of Forest Service involvement in the referenced matter.

61.    In answer to the allegations contained in the first two sentences of Paragraph 61, Defendants state that the document cited speaks for itself and admit the allegations to the extent consistent with such document, but otherwise deny such allegations.  In answer to the remaining sentences of Paragraph 61, Defendants state that these sentences contain conclusions of law to which no response is required.  If the Court deems an answer is required, defendants specifically deny said sentences.

62.    In answer to the allegations contained in Paragraph 62 of Plaintiffs' Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations. Defendants further state that the documents cited speak for themselves and admit the allegations to the extent consistent with such documents, but otherwise deny such allegations.

63.    In answer to the allegations contained in Paragraph 63 of Plaintiffs' Complaint, Defendants admit that a hearing occurred on or about the date stated, but are without knowledge or information sufficient to form a belief as the truth of the remaining allegations, and therefore deny such allegations.

64.    In answer to Paragraph 64 of Plaintiffs' Complaint, Defendants admit that the District Ranger attended and participated in a Shoshone County hearing on August 12, 2009, but deny any further allegations.

65.    Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 65, and therefore deny such allegations.

66.    In answer to Paragraph 66 of Plaintiffs' Complaint, Defendants state that this Paragraph contains legal conclusions to which no answer is required.  If the Court deems an answer is required, Defendants specifically deny said Paragraph.

67.    Defendants admit the allegations contained in Paragraph 67.

**DEFENDANTS' ANSWER - Page 8**

68. Defendants admit the allegations contained in Paragraph 68, and deny that any failure to seek judicial review implies agreement or waiver.

69. In answer to the first two clauses of Paragraph 69, Defendants state that these clauses contain legal conclusions to which no answer is required. If the Court deems an answer is required, Defendants specifically deny said clauses. In answer to the remainder of the first sentence of Paragraph 69, Defendants admit that the physical status of the claimed Eagle Creek Road ranges from paved road to nonexistent. In answer to the allegations contained in the last two sentences of Paragraph 69, Defendants state that the attached Exhibits speak for themselves as illustrative exhibits and admit the allegations to the extent consistent with the areas they purport to depict.

70. Defendants state that the first two sentences of Paragraph 70 contain legal conclusions to which no response is necessary. In response to the third and fourth sentences of Paragraph 70, Defendants admit that the Forest Service removed culverts and rehabilitated damaged sites on the Eagle Creek Road following extensive flood damage to the road as described in the Decision Notice dated October 7, 1997. Defendants aver that this action occurred after a lengthy public process and that neither Shoshone County nor any of the other Plaintiffs raised any objection to this action. Defendants admit the fifth and sixth sentences of Paragraph 70.

71. Defendants admit the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72. Defendants admit the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73. In answer to the allegations contained in the Paragraph 73 of Plaintiffs' Complaint, Defendants admit that portions of the Eagle Creek Road in this area are open to and used by all terrain vehicles and that other portions are closed to all motorized use, but otherwise deny the allegations of Paragraph 73.

74. In answer to the allegations contained in Paragraph 74 of Plaintiffs' Complaint,

**DEFENDANTS' ANSWER - Page 9**

Defendants admit that the Forest Service removed culverts and rehabilitated damaged sites on the Eagle Creek Road following extensive flood damage to the road as described in the Decision Notice dated October 7, 1997, but otherwise deny the allegations of Paragraph 74.

75.     In answer to the allegations contained in Paragraph 75 of Plaintiffs' Complaint, Defendants admit that the Forest Service removed culverts and rehabilitated damaged sites on the Eagle Creek Road following extensive flood damage to the road as described in the Decision Notice dated October 7, 1997, and that this section of road can by used by high clearance vehicles for authorized mining related access, but otherwise deny the allegations of Paragraph 75.

76.     In answer to the allegations contained in Paragraph 76 of Plaintiffs' Complaint, Defendants admit that this portion of the road has an existing driving surface, but otherwise deny the allegations of Paragraph 76.

77.     In answer to the allegations contained in Paragraph 77 of Plaintiffs' Complaint, Defendants admit that this portion of the road has an existing driving surface, but otherwise deny the allegations of Paragraph 77.

78.     In answer to Paragraph 78 of Plaintiffs' Complaint, Defendants state that this Paragraph contains legal conclusions to which no answer is required.  If the Court deems an answer is required, Defendants specifically deny said Paragraph.

79.     Paragraph 79 contains Plaintiffs' characterization of its case and legal conclusions to which no answer is required.  If the Court deems an answer is required, Defendants specifically deny said Paragraph.

80.     Paragraph 80 contains Plaintiffs' characterization of its case and legal conclusions to which no answer is required.  If the Court deems an answer is required, Defendants specifically deny said Paragraph.

81.     In answer to Paragraph 81, Defendants incorporate their answers to Paragraphs 1-80.

82.     Paragraph 82 contains legal conclusions to which no answer is required.

**DEFENDANTS' ANSWER - Page 10**

83.     Paragraph 83 contains legal conclusions to which no answer is required.

84.     Paragraph 84 contains legal conclusions to which no answer is required.

85.     Paragraph 85 contains legal conclusions to which no answer is required.

86.     Paragraph 86 contains legal conclusions to which no answer is required.

87.     Paragraph 87 contains legal conclusions to which no answer is required.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88, and therefore deny such allegations.

89.     Paragraph 89 contains legal conclusions to which no answer is required.  If the Court deems an answer is required, Defendants specifically deny said Paragraph.

90.     In answer to Paragraph 90, Defendants incorporate their answers to Paragraphs 1-89.

91.     Paragraph 91 contains legal conclusions to which no answer is required.

92.     Paragraph 92 contains legal conclusions to which no answer is required.

93.     Paragraph 93 contains legal conclusions to which no answer is required.

94.     Paragraph 94 contains legal conclusions to which no answer is required.

95.     Paragraph 95 contains legal conclusions to which no answer is required.

96.     Paragraph 96 contains legal conclusions to which no answer is required.

97.     Paragraph 97 contains legal conclusions to which no answer is required.

98.     Paragraph 98 contains legal conclusions to which no answer is required.  If the Court deems an answer is required, Defendants specifically deny said Paragraph.

99.     Paragraph 99 contains legal conclusions to which no answer is required.  If the Court deems an answer is required, Defendants specifically deny said Paragraph.

100.    In answer to Paragraph 100, Defendants incorporate their answers to Paragraphs 1-99.

101.    Paragraph 101 contains legal conclusions to which no answer is required.

102.    Paragraph 102 contains legal conclusions to which no answer is required.

103.    Paragraph 103 contains legal conclusions to which no answer is required.

**DEFENDANTS' ANSWER - Page 11**

1    104.    Paragraph 104 contains legal conclusions to which no answer is required.

2    105.    Paragraph 105 contains legal conclusions to which no answer is required.

3    106.    Paragraph 106 contains legal conclusions to which no answer is required.  If the

4    Court deems an answer is required, Defendants specifically deny said Paragraph.

5    107.    Paragraph 1078 contains legal conclusions to which no answer is required.  If the

6    Court deems an answer is required, Defendants specifically deny said Paragraph.

7    108.    Paragraph 108 contains legal conclusions to which no answer is required.  If the

8    Court deems an answer is required, Defendants specifically deny said Paragraph.

9    109.    In answer to Paragraph 109, Defendants incorporate their answers to Paragraphs

10   1-108.

11   110.    Paragraph 110 contains legal conclusions to which no answer is required.

12   111.    Paragraph 111 contains legal conclusions to which no answer is required.

13   112.    Paragraph 112 contains legal conclusions to which no answer is required.

14   113.    Paragraph 113 contains legal conclusions to which no answer is required.

15   114.    Paragraph 114 contains legal conclusions to which no answer is required.

16   115.    Paragraph 115 contains legal conclusions to which no answer is required.  If the

17   Court deems an answer is required, Defendants specifically deny said Paragraph.

18   116.    Paragraph 116 contains legal conclusions to which no answer is required.  If the

19   Court deems an answer is required, Defendants specifically deny said Paragraph.  As to the

20   factual allegations in Paragraph 116, Defendants lack knowledge or information sufficient to

21   form a belief about the truth of such allegations, and therefore deny such allegations.

22   117.    Paragraph 117 contains legal conclusions to which no answer is required.

23   118.    Paragraph 118 contains legal conclusions to which no answer is required.  If the

24   Court deems an answer is required, Defendants specifically deny said Paragraph.

25   119.    Paragraph 119 contains legal conclusions to which no answer is required.  If the

26   Court deems an answer is required, Defendants specifically deny said Paragraph.

27   The remainder of Plaintiffs' Complaint consists of Plaintiffs' prayer for relief, to which

28   **DEFENDANTS' ANSWER - Page 12**

no response is required.

## FIRST DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Court lacks jurisdiction over the subject matter of this action due to Plaintiff's failure to allege a justiciable case or controversy between the parties.

## THIRD DEFENSE

Plaintiff's claims may be barred by the statute of limitations in the Quiet Title Act.

## FOURTH DEFENSE

Any interest in the subject matter of this action has been abandoned, vacated, rescinded, or otherwise disavowed by Shoshone County.

## FIFTH DEFENSE

The non-governmental Plaintiffs lack standing to assert a real property interest in federal land under the authorities cited, particularly R.S. 2477, or to otherwise prosecute this action.

## SIXTH DEFENSE

The Court lacks jurisdiction over the subject matter of this action due to Plaintiff's failure to satisfy the requirement that it demonstrate a disputed title to real property with respect to certain of Plaintiff's claims under the Quiet Title Act and thereby invoke a waiver of the United States' sovereign immunity under the Act.

## SEVENTH DEFENSE

Plaintiff has failed to join indispensable parties under Rule 19 of the Federal Rules of Civil Procedure, including with respect to the claimed rights-of-way that cross private land.

## EIGHTH DEFENSE

The Court lacks jurisdiction over the subject matter of this action due to Plaintiff's failure to allege facts sufficient to show that it can satisfy the statute of limitations set forth in the Quiet Title Act.

**DEFENDANTS' ANSWER - Page 13**

1

**NINTH DEFENSE**

2      The Court lacks jurisdiction over the subject matter of this action due to Plaintiff's failure

3 to satisfy the "particularity" requirement of the Quiet Title Act and thereby invoke a waiver of

4 the United States' sovereign immunity under the Act.

5

**PRAYER FOR RELIEF**

6      WHEREFORE, Defendants pray as follows:

7      1.      That Plaintiffs' Complaint be dismissed with prejudice and Plaintiffs take nothing

8 thereby;

9      2.      That Defendants be awarded reasonable attorney fees and costs necessarily

10 incurred in defending this action to the extent provided by law; and

11      3.      For such other and further relief as the Court deems just and proper.

12      DATED this 15th day of December, 2009.

13

14                                    THOMAS E. MOSS
                                     United States Attorney, District of Idaho

15                                    IGNACIA S. MORENO
                                     Assistant Attorney General
16

17                                    /s/ David L. Negri
                                     DAVID L. NEGRI
18                                    Trial Attorney
                                     WARREN S. DERBIDGE
19                                    Assistant U.S. Attorney

20                                    Counsel for Defendants

21

22

23

24

25

26

27

28 **DEFENDANTS' ANSWER - Page 14**

1

CERTIFICATE OF SERVICE

2

I HEREBY CERTIFY that on this 15$^h$ day of December, 2009, the foregoing

3

**Defendants' Answer** was electronically filed with the Clerk of the Court and served using the

4

CM/ECF system upon the following parties of record:

5

6

**Val Siegel**
SHOSHONE COUNTY PROSECUTOR'S OFFICE
700 Bank St #200

7

Wallace, ID 83873
(208) 752-1106

8

Fax: (208) 753-8351
Email: vsiegel@co.shoshone.id.us

9

**W. Alan Schroeder**

10

Schroeder & Lezamiz Law Offices, LLP
P.O. Box 267

11

447 West Myrtle Street
Boise, ID 83701-0267

12

208-384-1627, Ext. 2
Fax: 208-384-1833

13

Email: alan@schroederlezamiz.com

14

15

/s/ David L. Negri

16

David L. Negri

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' ANSWER - Page 15**